# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### LAFAYETTE DIVISION

RANDY WETHINGTON,        )
                                   )

       Plaintiff,           )
                                   )

v.                         )  Cause No. 4:10 CV 84
                                   )

TIPPECANOE COUNTY SHERIFF,  )
TIPPECANOE COUNTY JAIL DOCTOR,  )
TIPPECANOE COUNTY JAIL NURSE  )
TIPPECANOE COUNTY SHERIFF    )
EMPLOYEES, IDENTITITES      )
PRESENTLY UNKNOWN         )
       Defendants.        )

## OPINION AND ORDER

After Plaintiff Randy Wethington, was denied certain prescription medications while being held in the Tippecanoe County Jail on a probation violation, he filed the instant lawsuit pursuant to 42 U.S.C. §1983 alleging that various County officials were deliberately indifferent to his known medical conditions. Before the Court is Defendants (hereinafter, "the County's") Motion to Dismiss filed on November 15, 2010. Plaintiff responded on December 02, 2010. After the date for a reply brief ran, the County indicated that no reply brief was forthcoming. For the following reasons, the County's Motion to Dismiss will be DENED.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See*

1

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir.2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 129 S.Ct. at 1949-50; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir.2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal,* 129 S.Ct. at 1950.

## FACTUAL BACKGROUND

Plaintiff, Randy Wethington (hereafter, "Plaintiff" or "Wethington"), was on a court-supervised home monitoring program. On April 17, 2010, his probation officer visited his home and found him in violation of his probation conditions. As a result, Wethington was placed under arrest and prepared for transport to the Tippecanoe County Jail ("the Jail"), Prior to transport, Wethington submitted a breathalyzer test which he passed. Wethington was permitted to gather his prescription

medications, all of which were physician-prescribed and contained in prescription bottles labeled according to their contents.

When Wethington arrived at the Jail, a jail medical screen history report ("the Report") was completed by jail personnel and his medications were listed on the report. Those medications included: triamter, meclizine, levothyroxine, alprazolam (generic for Xanax), inhaler, hydrocodone, and seroquel. Wethington suffers from high blood pressure, balance/dizziness, thyroid imbalance, anxiety disorder, emphysema, pain from degenerative disc disease, arthritis, radiosclerosis, and sleeping problems. In addition, Wethington informed jail personnel that his saliva glands were removed as part of his treatment for oral cancer and that he suffers from persistent "dry mouth" as a result of this surgery.

Wethington disclosed all of these medical conditions to Jail officials and they were included in the Report. The Report also indicated that Wethington was not found to be under the influence of alcohol or any controlled substance at the time of his arrest.

Wethington's prescription medications were prescribed to be taken daily, some of them twice daily. However, Wethington was only provided access to his inhaler once during his stay at the Jail. The Jail did permit him to take Triamter/HCTZ during his entire stay. Wethington did not receive his other medications and it is alleged that this is because of the Jail's policy and practice, as enforced by the Tippecanoe County Sheriff, to withhold narcotic and mood stabilizer medications from inmates during their jail stay although Wethington does not cite to any written policy that exists at the Jail. With respect to his medications or medical conditions, Wethington alleges that at no time, did the Jail or its employees confirm the validity of Wethington's prescriptions with his prescribing physicians.

Wethington did visit the Jail nurse who noted in his intake sheet that he was not to be given hydrocodone, Seroquel, or Xanax. This intake sheet further reflects the nurse's opinion that the Tippecanoe Sheriff must establish whether a need exists for levothraxine, a hormone treatment condition for Wethington's thyroid condition.

According to Wethington, the denial of his medications led to a physical and mental decline in his health. Wethington complained of pain in his back and hips. He also began experiencing uncontrolled pain, anxiety, difficulty sleeping, and withdrawal symptoms from his sudden withdrawal from Xanax. In response to these symptoms, the Jail physician prescribed Librium, a drug used to relieve anxiety and to control agitation caused by alcohol withdrawal.

On April 22, 2010, Wethington's brother attempted to visit him. Wethington's brother was told that Wethington was detoxing and was not permitted visitors. Wethington's brother indicated that Wethington did not drink alcohol and inquired about his "detoxification." He was not permitted to visit with Wethington.

Because Wethington was denied his medications and was suffering from withdrawal and other pain, he was not permitted to attend his bail and release hearing on April 19, 2010. On April 27, 2010, Wethington was able to appear and was released into the custody of his friend, Sabrina Short. The judge at the bail hearing urged Wethington to seek medical attention upon release. At that time, Wethington was not physically well enough to care for himself.

After his release, Short requested Jail personnel to return Wethington's medications. At that time, Jail personnel indicated to Short that it was her opinion that Wethington should not have been released because he needed to continue detoxification.

Wethington's health condition significantly improved within a week of his release from the Jail and at that time he was well enough to care for himself.

Based upon the above facts, Wethington filed the present lawsuit against, the Jail and its personnel asserting a claim under 42 U.S.C. §1983 for cruel and unusual punishment as prohibited by the Eighth Amendment of the United States Constitution as well as state law claims of negligence against the various individuals. The Defendants have moved for dismissal asserting that the Complaint does not adequately name the Defendants and that even if it does, the Complaint is insufficient to state a claim under the Eighth Amendment. The court turns now to these arguments.

## **DISCUSSION**

The County contends that the Plaintiff has not adequately pled a claim of deliberate indifference under the Supreme Court's precedents in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), primarily because there are no allegations that prison officials acted intentionally or recklessly with respect to his medical treatment. In essence, the County contends that the conduct alleged by the Plaintiff is equally consistent with lawful conduct as it is with wrongdoing and that such allegations are too vague to provide notice to the defendants of the contours of the claim. *See Brooks v. Ross*, 578 F.3d. at 581, 582 (7th Cir. 2009).

Beginning with the general notion that to satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), the Court looks to whether a complaint includes "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2);. *Twombly,* 550 U.S. 544.. A plaintiff must "provide the grounds of his entitlement to relief" by saying enough to "raise a right to relief above the speculative level," *Twombly,* 127 S.Ct. at 1965-66 (internal quotation marks, brackets, and citation omitted), though "[s]pecific facts are not necessary,"

*Erickson v. Pardus,* 551 U.S. 89 (2007). *See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir.2007).

Plaintiff alleges that the County violated his Eighth Amendment rights by denying him access to his prescription medications thereby causing him pain, a form of cruel and unusual punishment. The complaint invokes 42 U.S.C. § 1983, which creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The statute is not "itself a source of substantive rights, but merely provides a means for vindicating federal rights elsewhere conferred," *Graham v. Connor,* 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)), such as in the Eighth and Fourteenth Amendments

To make out a claim for deliberate indifference, a prisoner must allege that the defendants were *intentionally* indifferent to an objectively serious medical need or condition. *Farmer v. Brennan,* 511 U.S. 825, 834,(1994); *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir.2008). This standard requires that medical personnel knew, or recklessly disregarded knowing, that by not providing certain prescriptions, he would experience severe medical problems. *See Board v. Farnham,* 394 F.3d 469, 478 (7th Cir.2005); *Chapman v. Keltner,* 241 F.3d 842, 845 (7th Cir.2001). Neither negligence (even gross negligence), *Guzman v. Sheahan,* 495 F.3d 852, 857 (7th Cir.2007), nor medical malpractice, *Edwards,* 478 F.3d at 831, will support such a claim.

Here, the County urges that Wethington has not pled anything other than a disagreement with

medical treatment or medical malpractice. It argues that there is no allegation that anyone at the jail knew or recklessly disregarded Wethington's health when it denied him prescription medication. Rather, the Jail provided him with certain of his prescriptions and, when it appeared he was having withdrawal symptoms, the Jail provided him with a medication to help control those symptoms. Nowhere, the County argues, does Wethington assert that the Jail officials acted with a culpable state of mind.

Having reviewed the facts of the Complaint and all reasonable inferences to therefrom, the Court concludes that Wethington has set out sufficient facts to state a claim of deliberate indifference. It is true that Wethington objects to the course of treatment he received and that this type of medical malpractice allegation alone would not survive a motion to dismiss. But Wethington goes beyond this type of allegation in his Complaint. He alleges that there is a blanket policy against providing certain medications to inmates, even when prescribed by a physician. At least one court has found blanket adherence to a policy forbidding medications to state a claim for deliberate indifference if such policies do not involve consultation with an inmate's treating physician or individual assessment of an inmate's problems. *See Estate of Clutters v. Sexton,* 2007 WL 3244437 (S.D.Ohio Nov. 2, 2007) (denying summary judgment for jail when the jail utilized a written blanket policy forbidding prescribed narcotics). Wethington also asserts that his own physicians were never consulted by the jail or any of its medical personnel.

Wethington also asserts that by removing him, in essence "cold turkey" from Xanax, they caused him prolonged and unnecessary pain and this can support a claim of deliberate indifference. Courts have held that Xanax detoxification protocals may be constitutional. *See Chatham v. Adcock,* 334 Fed.Appx. 281, 288-89 (11th Cir.2009); *Burdette v. Butte County,* 121 Fed.Appx. 701, 702 (9th

Cir.2005) (prison doctor's decision to taper an inmate off of Xanax does not qualify as deliberate indifference to a serious medical need); *see also Thomas v. Webb,* 39 Fed.Appx. 255, 256 (6th Cir.2002) (finding that jail official's refusal to provide Xanax was not deliberately indifferent when inmate had history of substance abuse). However, the allegations here are that Wethington was not weaned off his Xanax medication or prescribed some alternative medication to Xanax. Rather, he alleges he was simply denied his Xanax altogether pursuant to the Jail's policy despite their knowledge of his medical condition and then he was prescribed Librium which, on its face, is utilized to treat alcohol withdrawal symptoms when the Plaintiff was never determined to have an alcohol dependency. Thus, at this stage of the proceedings it is impossible for the Court to determine whether this was sound medical treatment, medical negligence or deliberate indifference. The factual allegations, however, support a plausible claim for deliberate indifference if Jail officials suddenly stopped Plaintiff's prescriptions due to a blanket policy forbidding certain medications or if they acted recklessly in the way they removed the Plaintiff from certain medications. Since further discovery might enable Plaintiff to show that his deliberate indifference claims to his known medical conditions have merit, this claim will not be dismissed at this stage.

The County also asserts that the unknown defendants should be dismissed because some of the unknown persons, such as the Tippecanoe County Jail Doctor" do not exist. Rather, the jail contracts with an outside organization to provide physician health services to its inmates. The County further asserts that it provided the plaintiff with the name of the healthcare organization that employed the physician that treated him and thus, the Plaintiff could have researched the matter and discovered his treating physician prior to filing the Complaint.

The fact that the Plaintiff does not know any of the names of the individuals that provided

treatment to him does not necessarily defeat his claim, as his allegations are against persons who could be identified in pretrial discovery. See *Billman v. Indiana Dep't of Corrs.,* 56 F.3d 785, 789 (7th Cir.1995). The Plaintiff should, however, identify these individuals promptly through discovery and amend his Complaint to assert claims against these unknown individuals.

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Dismiss is DENIED.

Entered: This 7th day of February, 2011

s/ William C. Lee
United States District Court
